
# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LESLIE MCWILLIAMS**                                                                 **PLAINTIFF**

v.                                       No. 4:24-cv-224-DPM

**ENTERPRISE RENTAL AGREEMENT**                                       **DEFENDANT**

## ORDER

1. McWilliams's application to proceed *in forma pauperis*, Doc. 1, is granted. She reports living on disability income.

2. The Court must screen McWilliams's complaint. 28 U.S.C. § 1915(e)(2). The Court's rules require a short and plain statement of facts that show a plausible violation of some particular law. Fed. R. Civ. P. 8(a); 28 U.S.C. § 1915(e)(2)(B)(ii).

McWilliams rented a car from the Enterprise store in El Dorado, Arkansas for approximately five months, from late August 2020 to early February 2021. *Doc. 2 at 8*. She claims that she was arrested in mid-March 2021 after Enterprise reported that she had stolen her rental car. *Doc. 2 at 3*. McWilliams says she tried to continue the rental by paying over the phone with her debit card, but the woman she spoke to said McWilliams had insufficient funds. *Doc. 2 at 5*. McWilliams says that the woman lied because McWilliams had money in her account.

McWilliams was arrested in Mecklenberg County in North Carolina. The fugitive order she attached to her complaint indicates

that Arkansas was the demanding state. *Doc. 2 at 4.* She was booked into the county jail and was released on bond the next day after a court hearing. *Doc. 2 at 7.* In an effort to verify McWilliams' allegations, the Court performed a public records search; but the Court found no record of criminal proceedings in either Arkansas's state or federal courts. Nevertheless, it appears the charges arose after McWilliams kept the rental car beyond the conclusion of the contract term. She says she almost died in the county jail and has suffered severely as a result of the arrest. She has sued Enterprise for negligence, seeking $1 million.

McWilliams says this Court has diversity jurisdiction to hear this case. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Diversity of citizenship is assessed at the time a case is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). McWilliams resides in North Carolina. She lists Enterprise's central office in Louisiana but says she entered into the rental agreement in Arkansas. McWilliams, however, has not pleaded Enterprise's principal place of business and state of incorporation—a prerequisite to establishing the corporation's citizenship for diversity purposes. *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). She must clarify the Enterprise citizenship facts in an amended complaint.

The Court also needs more information about McWilliams's claims. She says an unidentified woman, at an unspecified location, at an unspecified time unsuccessfully processed her payment for the

rental. Is McWilliams alleging that this failure was negligent? If so, when and with whom did this conversation occur? When told that the payment with her debit card could not be processed, did McWilliams offer to make the payment another way? Is McWilliams alleging that acceptance of her debit card payment would have prevented the allegation of theft? Or were the events unrelated? More information is needed.

    3.    McWilliams must file an amended complaint with more details by 17 May 2024. If she does not, the Court will dismiss her case without prejudice. LOCAL RULE 5.5(c)(2).

    So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 April 2024